# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

## PACER Cover Sheet
## for Electronically Filed Documents

Any data shown here are current as of 06/10/06. Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

**Case Title:** Christopher B. Young, et al. v. James P. Jex

**Case Number:** 04-01212

### Document Information

**Description:** Memorandum Opinion re: [20-1] Motion To Compel Discovery by James P. Jex .

**Received on:** 2006-01-26 10:17:26.000

**Date Filed:** 2006-01-25 00:00:00.000

**Date Entered On Docket:** 2006-01-26 00:00:00.000

### Filer Information

**Submitted By:** Conversion of Data from ACE legacy system

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
JAMES P. JEX,
    Debtor.

No. 7-04-14606 SR

CHRISTOPHER R. YOUNG et al.,
    Plaintiffs,
v.

Adv. No. 04-1212 S

JAMES P. JEX,
    Defendant.

## MEMORANDUM OPINION ON DEFENDANT'S
## MOTION TO COMPEL DISCOVERY and ORDER

This matter is before the Court on Defendant's Motion to Compel Discovery (doc. 20). Defendant appears through his attorney Donald D. Becker. Plaintiffs appear through their attorney Zachary E. McCabe. The Court has considered the briefs submitted (docs. 25, 27, 29, and 31), the file, and the appropriate legal authorities and now issues this memorandum opinion. This is a core proceeding. 28 U.S.C. § 157(b)(2)(I) and (J).

### BACKGROUND

In 2003 Plaintiffs filed an action in the United States District Court for the District of Colorado against Defendant seeking damages for negligence/ medical malpractice (count 1), lack of informed consent (count 2) and loss of consortium (count 3). Federal jurisdiction arose from diversity of citizenship. Defendant was personally served but did not

respond. The District Court entered an Order to Show Cause and Defendant did not respond. Plaintiffs moved for and received a default judgment. On January 30, 2004, the Court heard argument and conducted a hearing on damages. The Court entered Findings of Fact and Conclusions of Law, finding Plaintiffs' losses and damages to be $4,344,464.26. Default Judgment was entered in favor of Plaintiffs against Defendant in the amount of $2,000,000.00.

Defendant filed a chapter 7 proceeding in the District of New Mexico on June 21, 2004. This adversary proceeding was timely filed, seeking a determination of the dischargeability of Plaintiffs' claim under sections 523(a)(2), (4) and (6) and seeking a denial of discharge under section 727. Discovery commenced. Defendant sought discovery on the issues of causation and damages. Plaintiff responded that these matters were not discoverable, and that the only issue is whether the judgment entered in Colorado is dischargeable. Defendant seeks to compel.

**DISCUSSION**

The real issue in this case is whether the default judgment has collateral estoppel effect in this adversary proceeding. If the default judgment were entered in state court, the Bankruptcy Court would look to the law of the state

Case 04-01212-s    Doc 40    Filed 01/25/06    Entered 01/26/06 09:15:00 Page 3 of 8

rendering the judgment to determine the preclusive effect, pursuant to 28 U.S.C. § 1738 (Full Faith and Credit Statute). See, e.g., State Farm Fire and Casualty Co. v. Edie (In re Edie), 314 B.R. 6, 12 (Bankr. D. Utah 2004)(Utah Bankruptcy Court looks to California law to determine preclusive effect of California default judgment.)

The United States Supreme Court in 2001 ruled that the preclusive effect of a federal diversity judgment is determined by the state law that would be applied by the state court in the state in which the federal diversity court sits. Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 508 (2001). See also Matosantos Commercial Corp. v. Applebee's Int'l, Inc., 245 F.3d 1203, 1208 (10th Cir. 2001)(discussing Semtek). Therefore, in this case, the preclusive effect of the federal default judgment is determined by reference to Colorado law.

> The doctrine of collateral estoppel precludes
> relitigation of an issue that was already litigated
> and decided in a previous proceeding. Bebo Constr.
> Co. v. Mattox & O'Brien, P.C., 990 P.2d 78 (Colo.
> 1999). The following factors must be satisfied to
> apply the doctrine: (1) the issue precluded is
> identical to an issue actually determined in the
> prior proceeding; (2) the party against whom
> estoppel is asserted was a party in the prior
> proceeding; (3) there is a final judgment on the
> merits in the prior proceeding; and (4) the party
> against whom estoppel is asserted had a full and
> fair opportunity to litigate the issue in the prior

proceeding. Union Ins. Co. v. Hottenstein, 83 P.3d 1196, 1202 (Colo. App.2003).

Grynberg v. Arkansas Oklahoma Gas Corp., 116 P.3d 1260, 1263 (Colo. App.), cert. denied, 2005 WL 1864128 (2005).[1] See also Sunny Acres Villa, Inc. v. Cooper, 25 P.3d 44, 47 (Colo. 2001)(En banc.)

Colorado default judgments routinely have preclusive effect because it is only necessary that the defaulting party have had a full and fair opportunity to litigate.[2] See Ortega v. Board of County Com'rs of Costilla County, 683 P.2d 819,

---

[1] Compare Shovelin v. Central New Mexico Elec. Co-op., Inc., 115 N.M. 293, 297, 850 P.2d 996, 1000 (1993):
> Before collateral estoppel is applied to preclude litigation of an issue, however, the moving party must demonstrate that (1) the party to be estopped was a party to the prior proceeding, (2) the cause of action in the case presently before the court is different from the cause of action in the prior adjudication, (3) the issue was actually litigated in the prior adjudication, and (4) the issue was necessarily determined in the prior litigation. Silva v. State, 106 N.M. 472, 474-76, 745 P.2d 380, 382-84 (1987). If the movant introduces sufficient evidence to meet all elements of this test, the trial court must then determine whether the party against whom estoppel is asserted had a full and fair opportunity to litigate the issue in the prior litigation. Id. at 474, 745 P.2d at 382.

New Mexico requires "actual litigation"; Colorado requires a full and fair opportunity to litigate.

[2] Compare Blea v. Sandoval, 107 N.M. 554, 558, 761 P.2d 432, 436 (Ct. App.), cert. denied, 107 N.M. 413, 759 P.2d 200 (1988) ("In New Mexico, we recognize that default judgments do not have collateral estoppel effect in future litigation, although they may have res judicata effect.")

Page -4-

821 (Colo. App., 1984); <u>Evans v. Dunston (In re Dunston)</u>, 146 B.R. 269, 277 (D. Colo. 1992); <u>Hoyt v. Mathias (In re Mathias)</u>, 2001 WL 936345, *2 (Bankr. D. Colo. 2001); <u>Pacific Energy and Minerals, Ltd. v. Austin (In re Austin)</u>, 93 B.R. 723, 725 n.2 (Bankr. D. Colo. 1988).

**APPLICATION**

In this adversary proceeding, Plaintiffs seek a determination of dischargeability on the bases of "false pretenses, a false representation or actual fraud", "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny" and "willful and malicious injury." They seek denial of discharge on the basis of "transferred or concealed property and/or failure to explain deficiency of assets to meet debtor's liabilities." None of these issues were present in the Colorado Federal District Court case and therefore cannot be precluded. Defendant must be allowed discovery on these issues.

The damages issue, however, was litigated and resulted in a final judgment that Colorado law would deem preclusive. It might be argued that a finding and judgment that the debt is nondischargeable under Section 523(a) could lead to additional or greater damages than already awarded in the Colorado action, and thus discovery on damages should be allowed.

Page -5-

However, such an argument would misapprehend the function of a section 523 action. Plaintiff has already filed a complaint and obtained the determination of liability and damages to which he is entitled. He is precluded from now arguing that he is entitled to damages in addition to those awarded in the Colorado action. The causes of action asserted pursuant to subsections (2), (4) and (6) of section 523 do not constitute additional bases for liability and therefore for damages; rather, they merely constitute characterizations or classifications by which the liability and resulting damages already determined by the Colorado court are excepted from discharge.[2] Therefore, Defendant may not seek discovery on the damages issues.

**ORDER**

---

[2] It is true that in cases where no judgment has been entered prior to the filing of the adversary complaint, some plaintiffs seek determinations of liability and damages from bankruptcy courts in the context of § 523(a) actions rather than going back to the non-bankruptcy court forum for those determinations. Even assuming this practice is correct, compare Lang v. Lang (In re Lang), 293 B.R. 501, 516-17 (10th Cir. B.A.P. 2003) (holding that bankruptcy courts have jurisdiction to render judgments on liability and damages) with id. at 520-23 (Bohanon, J., dissenting from that holding) and Porter Capital Corporation v. Hamilton (In re Hamilton), 282 B.R. 22 (Bankr. W.D. Okla. 2002) (same), the determination of nondischargeability by itself is still not a cause of action that results in damages.

IT IS ORDERED that Defendant may seek discovery on the issues related to dischargeability of the debt or to discharge, but may not seek further discovery on the issue of damages.

*[signature]*
Honorable James S. Starzynski
United States Bankruptcy Judge

I hereby certify that on January 25, 2006, a true and correct copy of the foregoing was electronically transmitted, faxed, delivered, or mailed to the listed counsel and/or parties.

Zachary E McCabe
1120 Lincoln St Ste 1100
Denver, CO 80203-2139

Donald D Becker
3733 Eubank Blvd NE
Albuquerque, NM 87111-3536

M. Robin Repass
1120 Lincoln St Ste 1100
Denver, CO 80203-2139

Robert Johnson
Johnson & Nelson, PC
PO Box 25547
Albuquerque, NM 87125

*James E. Burke*

Case 04-01212-s   Doc 40   Filed 01/25/06   Entered 01/26/06 09:15:00 Page 8 of 8